```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

DUMKA VIATOR,

                              Plaintiff,          02-CV-6453

             v.

                                                          **ORDER**

CITY OF ROCHESTER, ROCHESTER
POLICE DEPARTMENT, POLICE OFFICER
MITCHELL (True First Name Unknown),
Individually and in his Official
Capacity, STATE OF NEW YORK,
NEW YORK STATE POLICE, COUNTY
OF MONROE, MONROE COUNTY
SHERIFF'S OFFICE, POLICE OFFICERS
"JOHN DOE 1-10", (Last Ten Names
Being Fictitious, True Names
Unknown, Said Persons Being Police
Officers, Employees and/or Agents
of Defendants, Who Stopped,
Detained, Questioned and Searched
Plaintiff's Person and Vehicle),

                              Defendants.
_____

     Plaintiff Dumka Viator ("plaintiff") brings this action pursuant to 42 U.S.C. §§ 1983 and New York State law, alleging that he was racially profiled, harassed, and intentionally subjected to emotional distress by members of the Rochester, Monroe County, and New York State Police Departments during an unjustified traffic stop.

     By Decision and Order dated December 17, 2002, plaintiff's claims against the State of New York and the New York State Police Department were dismissed with prejudice since those entities are immune from a § 1983 suit under the Eleventh Amendment. Nonetheless, I found that plaintiff was entitled to maintain his

pendent state law claims against "Officers 'John Doe 1-10,'" since those officers may have been liable to plaintiff in their individual capacities.  <u>See</u> Decision and Order dated December 17, 2002 (Doc. No. 13).

However, the plaintiff has failed to reveal the identities of "Officers John Doe 1-10," or further pursue his claims against those individual officers.  Therefore, any remaining claims against the New York State Defendants are hereby dismissed.

The sole issue remaining to be tried is the plaintiff's § 1983 claim against the City of Rochester, the Rochester Police Department and Officer Mitchell.  The parties have consented to waive a jury trial and try the case to the Court non-jury.  Accordingly, the case is set for trial to commence on Tuesday, August 2, 2005 at 9:00 a.m.  A separate trial order will be issued by the Court.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
    Michael A. Telesca
United States District Judge

DATED: Rochester, New York
       July 14, 2005